## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

CHAMBERS OF
**MICHAEL A. SHIPP**
UNITED STATES MAGISTRATE JUDGE

MARTIN LUTHER KING COURTHOUSE
50 WALNUT ST.   ROOM 2042
NEWARK, NJ 07102
973-645-3827

## LETTER ORDER

October 31, 2008

**VIA CM/ECF**
All counsel of record

> **Re:   China Shipping (North America) Agency Co. Inc.**
> **v. Southwest Freight Distributors, Inc.**
> **Civil Action No. 07-4656 (SRC)**

Dear Counsel:

This matter comes before the Court by way of Defendant Southwest Freight's Motion to Compel filed on August 15, 2008.  Plaintiff filed Opposition to the Motion on August 29, 2008 and Defendant filed a reply on September 5, 2008.  The Court has carefully considered the arguments of counsel and, for the reasons set forth below, GRANTS Defendant's Motion.

Federal Rule of Civil Procedure 26 defines the methods, scope, limits, and process of discovery.  Section (b) of that rule establishes the limits of discovery.  *See* Fed. R. Civ. P. 26(b). It provides that parties may obtain discovery regarding any party's claim or defense.  *Id.*  Rule 26(b) also provides that for good cause, the Court may order discovery of any matter relevant to the subject matter involved in the action.  *Id.*  As this Court has recognized, "Courts have construed this rule liberally, creating a broad vista for discovery."  *Tele-Radio Sys. Ltd. v. DeForest Elecs., Inc.*, 92 F.R.D. 371, 375 (D.N.J. 1981)(*citing Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978));

*see also Evans v. Employee Benefit Plan*, 2006 WL 1644818, at *4 (D.N.J. June 6, 2006) (Kugler,

J.).

In interpreting Rule 26(b)(1), district courts must be mindful that relevance is a broader

inquiry at the discovery stage than at the trial stage. *See Nestle Food Corp. v. Aetna Cas. and Surety*

*Co.*, 135 F.R.D. 101, 103 (D.N.J. 1990). Relevant information need not be admissible at trial if the

discovery appears reasonably calculated to lead to the discovery of admissible evidence. However,

the burden remains on the party seeking discovery to "show[] that the information sought is relevant

to the subject matter of the action and may lead to admissible evidence." *Carver v. City of Trenton*,

192 F.R.D. 154, 159 (D.N.J. 2000); *See also Nestle*, 135 F.R.D. at 104.

The Defendant's discovery requests are set forth below.

### 1.      Request for Production No. 5

Copy of any and all documents received from any third party that herein relates to the
litigation, including invoices, correspondence, photographs, notices or any other
writing. (The request included subcategories.)

Plaintiff responded "Not applicable" to each of the two subcategories.

The Court finds that the discovery sought is reasonably calculated to lead to the discovery of

admissible evidence. Therefore, Plaintiff must provide documents responsive to the request. If the

Plaintiff does not have documents responsive to this request, Plaintiff must provide a detailed answer

and explanation.

### 2.      Request for Production No. 16

Contracts, letter agreements or any documentation of the relationship between China
and Excel as it pertains to containers drayed by SWF beginning July 1, 2003.

Plaintiff objected to the request on the basis that the documents requested are not likely to lead to the discovery of admissible evidence and represents confidential trade secrets and/or proprietary information.

The Court finds that the discovery sought is reasonably calculated to lead to the discovery of admissible evidence.  Therefore, Plaintiff must provide documents responsive to the request.  If the discovery relates to confidential trade secrets and/or proprietary trade information, counsel should enter into a Discovery Confidentiality Agreement.

**3.      Request for Production No. 20**

Copies of all original per diem invoices, with associated in and out interchanges and other supporting documents, to SWF dated June and July 2004.

Plaintiff responded "Not applicable."

The Court finds that the discovery sought is reasonably calculated to lead to the discovery of admissible evidence.  Therefore, Plaintiff must provide documents responsive to the request.  If the Plaintiff does not have documents responsive to this request, Plaintiff must provide a detailed answer and explanation.

**4.      Request for Production No. 21**

Accountings, work papers or other documents indicating adjustments, final adjusted amounts, reasons for adjustments, and/or by whose authority for per diem invoices to SWF dated June and July 2004.

Plaintiff responded "Not applicable."

The Court finds that the discovery sought is reasonably calculated to lead to the discovery of admissible evidence.  Therefore, Plaintiff must provide documents responsive to the request.  If Plaintiff does not have documents responsive to this request, Plaintiff must provide a detailed answer and explanation.

5.      **Request for Production No. 22**

Copies of all per diem invoices, with associated in and out interchanges and other supporting documents, to SWF dated July and August 2005.

Plaintiff responded "Not applicable."

The Court finds that the discovery sought is reasonably calculated to lead to the discovery of admissible evidence.  Therefore, Plaintiff must provide documents responsive to the request.  If Plaintiff does not have documents responsive to this request, Plaintiff must provide a detailed answer and explanation.

6.      **Request for Production No. 28**

Copies of any correspondence passing between Exel and China relative to the charges and/or street turns at issue in this lawsuit.

Plaintiff responded, "Please see answer to no. 11."  (The answer to number 11 included references to bates stamped documents, three of which Defendant alleges were e-mail communications between China and Excel.)

The Court finds that the discovery sought is reasonably calculated to lead to the discovery of admissible evidence.  Therefore, Plaintiff must provide documents responsive to the request.  If the three e-mails in the bates stamped range represent the only communications between China and Excel relative to the charges and/or street turns at issue, Plaintiff should clarify its response to the request and state so.

7.      **Request for Production No. 29**

Any and all contracts between Exel Transportation and China Shipping, or their affiliates effective since July 2003.

Plaintiff objected on the basis that [a]ny contract(s) or service agreement(s) are confidential and between the parties only.  The terms and conditions on said contract(s) represent trade secrets and proprietary trade information.

The Court finds that the discovery sought is reasonably calculated to lead to the discovery of admissible evidence.  Therefore, Plaintiff must provide documents responsive to the request.  If the discovery relates to confidential trade secrets and/or proprietary trade information, counsel should enter into a Discovery Confidentiality Agreement.  The Discovery Confidentiality Agreement can provide for redactions of certain information.

**8.      Request for Production No. 30**

Any and all contracts between Exel Global Logistics and China Shipping, or their affiliates effective since July 2003.

Plaintiff objected on the same basis as Request for Production No. 29.

The Court finds that the discovery sought is reasonably calculated to lead to the discovery of admissible evidence.  Therefore, Plaintiff must provide documents responsive to the request.  If the discovery relates to confidential trade secrets and/or proprietary trade information, counsel should enter into a Discovery Confidentiality Agreement.  The Discovery Confidentiality Agreement can provide for redactions of certain information.

**9.      Request for Production No. 32**

Copies of any and all settlement agreements and judgments pertaining to disputed per diem charge claims made by or against China and other carriers since April 2003.

Plaintiff objected on the grounds that the question is overly broad and designed solely to delay, obfuscate and harass plaintiff, not likely to lead to discoverable information and is available via public records available to defendant.

The Court finds that the discovery sought is reasonably calculated to lead to the discovery of admissible evidence.  Therefore, Plaintiff must provide documents responsive to the request.  If Plaintiff does not have documents responsive to this request, Plaintiff must provide a detailed answer

and explanation.  If the discovery relates to confidential information, counsel should enter into a

Discovery Confidentiality Agreement.

### 10.      Request for Production No. 33

Any and all invoices between Exel and China Shipping for the "street turns" for
which China seeks reimbursement from SWF.

Plaintiff responded "Not applicable."

The Court finds that the discovery sought is reasonably calculated to lead to the discovery of

admissible evidence.  Therefore, Plaintiff must provide documents responsive to the request.  If

Plaintiff does not have documents responsive to this request, Plaintiff must provide a detailed answer

and explanation.

### 11.      Request for Production No. 36

Any and all written or recorded statements taken of or by anyone with knowledge
of facts relevant to the issues in this matter.

Plaintiff responded by referencing document numbers 30000 - 30936.

The Court finds that the discovery sought is reasonably calculated to lead to the discovery of

admissible evidence.  Therefore, Plaintiff must provide discovery responsive to the request.  If

Plaintiff does not have copies of any written or recorded witness statements, it should so specify.

### 12.      Request for Production No. 37

Copies of all documents evidencing payments by SWF to China since 2003.

Plaintiff responded, "None at this time."

The Court finds that the discovery sought is reasonably calculated to lead to the discovery of

admissible evidence.  Therefore, Plaintiff must supplement its answer to the request to clarify whether

Plaintiff has no responsive documents or whether there are no responsive documents.

13.     **Request for Production No. 38**

Copies of all documents evidencing payments by Exel Transportation to China
since 2003.

 Plaintiff responded, "None at this time."

The Court finds that the discovery sought is reasonably calculated to lead to the discovery of

admissible evidence.  Therefore, Plaintiff must supplement its answer to the request to clarify whether

Plaintiff has no responsive documents or whether there are no responsive documents.

14.     **Request for Production No. 39**

Copies of all documents evidencing payments by Exel Global Logistics to
China since 2003.

Plaintiff responded, "None at this time."

The Court finds that the discovery sought is reasonably calculated to lead to the discovery of

admissible evidence.  Therefore, Plaintiff must supplement its answer to the request to clarify whether

Plaintiff has no responsive documents or whether there are no responsive documents.

For the reasons set forth above and for good cause shown, the Court **ORDERS** that Plaintiff

must fully respond to Defendant's Requests for Production numbered 5, 16, 20, 21, 22, 28, 29, 30,

32, 33, 36, 37, 38 and 39 by **November 21, 2008**.


                                        s/ Michael A. Shipp
                                        **HONORABLE MICHAEL A. SHIPP**
                                        **UNITED STATES MAGISTRATE JUDGE**